UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SOUTH DAKOTA BOARD OF REGENTS, <br><br>Plaintiff,<br>v.<br><br>GREEN THUMB COMMODITIES, LLC, AT STRONG COMMODITIES, LLC, d/b/a Green Thumb Commodities, and JOHN DOES 1-25,<br><br>Defendants. | 4:23-CV-04205-KES<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT, DENYING DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER, AND GRANTING DEFENDANTS' MOTION TO STRIKE |

Plaintiff, South Dakota Board of Regents (SDBOR), seeks leave to file an amended complaint, Docket 29, after already filing the amended complaint, Docket 25. Defendants, Green Thumb Commodities, LLC, and AT Strong Commodities, LLC (collectively, Green Thumb), oppose the motion and move to strike plaintiff's amended complaint. Docket 32. Green Thumb also moves to amend its answer and add a counterclaim. Docket 30. SDBOR opposes the motion. Docket 36. The court issues the following order.

**BACKGROUND**

On December 4, 2023, SDBOR filed a complaint asserting a cause of action for infringement under the Plant Variety Protection Act, 7 U.S.C. § 2321 et seq., and prayed for relief in the form of damages, an injunction, and treble damages. Docket 1. Green Thumb twice moved for an extension of time to file its answer, Dockets 6 & 12, which this court granted both times, Dockets 8 &

13. Green Thumb subsequently filed its answer on March 15, 2024. Docket 14. After the parties conferred under Rule 26(f), the court issued a scheduling order that set July 17, 2024, as the deadline to amend the pleadings. Docket 17 at 2. On July 15, 2024, SDBOR filed an amended complaint that added fraud as a cause of action. Docket 25. SDBOR did not move the court for leave to amend or obtain consent from the opposing parties. *See* Docket 33. On July 18, 2024, a day after the deadline to amend the pleadings, SDBOR moved the court to accept the amended complaint that it filed on July 15, 2024. Docket 29. The motion was not accompanied by a supporting brief. *See id.*

Meanwhile, on July 17, 2024—the day of the deadline to amend the pleadings under the court's scheduling order—Green Thumb filed in error its motion for leave to amend its answer and add counterclaim. Docket 26; Docket 27. Green Thumb properly filed such motion on July 18, 2024. Docket 30. That same day, Green Thumb moved to strike SDBOR's amended complaint. Docket 32.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course no later than 21 days after (1) its service; or (2) service of a responsive pleading or service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Additionally, "where an amendment is not sought 'as a matter of course'—as defined by the Rule—'a party may amend its pleading only with the opposing party's written consent or the court's leave.' " *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir.

2

2012) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir.2008)). Here, SDBOR filed its amended complaint more than 21 days after service on Green Thumb and it was not filed in response to a Rule 12 motion. And when SDBOR did file its motion to amend, it was filed one day after the court-imposed deadline to amend. When a party seeks to amend a pleading after the court-imposed deadline has passed, Rule 16 requires a party to show good cause. *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024); *Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 977 (8th Cir. 2013). Even when a party shows good cause, "the district court retains discretion as whether to grant the motion." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) ("As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take [scheduling] orders lightly, and will enforce them").

The Eighth Circuit has made clear that "the good cause standard in Rule 16(b) is 'not optional.' " *Midwest Med. Sols.*, 95 F.4th at 607 (quoting *Sherman*, 532 F.3d at 716-18); *see also Hartis*, 694 F.3d at 948 ("Our precedent establishes that if a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule.") (internal quotation marks omitted and cleaned up). "A district court possesses broad discretion when it establishes and enforces deadlines in its scheduling orders. . . . [And] 'the primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.' " *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 960 (8th Cir. 2023) (quoting *Hartis*, 694 F.3d at 948). "Where

3

there has been 'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings,' then [the court] may conclude that the moving party has failed to show good cause." *Midwest Med. Sols.*, 95 F.4th at 607 (quoting *Hartis*, 694 F.3d 948).

## DISCUSSION

### I. SDBOR's Motion to Amend its Complaint and Green Thumb's Motion to Strike SDBOR's Amended Complaint

SDBOR seeks to amend its complaint to add a cause of action for fraud. Docket 29. SDBOR requests the court's "approval for such timely filing because the amendments relate to the core issue of Defendants' misconduct in the exporting of seed to other countries and fraud in doctoring and falsifying documents and forging signatures of state officials." *Id.* at 1. Green Thumb opposes SDBOR's motion and moves to strike SDBOR's amended complaint. Docket 32. Green Thumb argues that, although SDBOR filed the amended complaint before the court's deadline to amend the pleadings passed, it failed to follow Rule 15 by first seeking the court's leave to amend or requesting the opposing parties' permission to amend. Docket 33 at 1-2. Green Thumb also contends that SDBOR failed to accompany its motion with a brief mandated by the District of South Dakota's Local Rule 7.1(B).[1] Docket 35 at 2. Finally,

---

[1] District of South Dakota Local Rule 7.1(B) requires every opposed motion raising a question of law, including motions for leave to amend a pleading, be accompanied by a brief containing the movant's legal arguments and supporting authorities. D.S.D. Civ. LR 7.1(B).

4

Green Thumb contends that SDBOR failed to show good cause under Rule 16 when requesting leave to amend after the relevant deadline passed. *Id.* at 3-4.

Typically, Rule 15(a)'s standard—that leave to amend a pleading "should [be] freely give[n]"—should govern such a request if timely made. Fed. R. Civ. P. 15(a). But SDBOR's motion to amend was not timely. The deadline to request leave to amend the pleadings passed on July 17, 2024. Docket 17 at 2. Although SDBOR filed an amended complaint on July 15, 2024, Docket 25, it failed to move the court for leave to amend until July 18, 2024—one day beyond the deadline, Docket 29. Because SDBOR's motion for leave to amend was filed after the deadline imposed by the court's scheduling order, SDBOR must show good cause for leave to amend under Rule 16(b). *See Hartis*, 694 F.3d at 948.

The question here is close because SDBOR timely filed an amended complaint and filed its motion to amend only one day after the deadline. *See* Docket 25; Docket 29. But SDBOR failed to request permission for leave to amend and failed to follow Local Rule 7.1, which requires attaching a supporting brief when filing an opposed motion that raises a question of law. *See* D.S.D. Civ. LR 7.1. The dispositive factor, though, is that SDBOR neglected to show good cause required under Rule 16 when it moved for leave to amend after the deadline passed. *See* Docket 29. This mistake is fatal.

SDBOR states that its amendments in the amended complaint "relate to the core issue of Defendants' misconduct in the exporting of seed to other countries and fraud in doctoring and falsifying documents and forging

5

signatures of state officials." *Id.* at 1. SDBOR does not allege that there has been a change in the law or that it has discovered new facts. Indeed, SDBOR fails to allege any changed circumstances whatsoever. *See id.* It is true that the court has broad discretion when choosing to enforce its scheduling orders, *see Yang*, 79 F.4th at 960, but when a party moves to amend a pleading outside the court's scheduling order, it is obligated to show good cause. *See Midwest Med. Sols.*, 95 F.4th at 607. SDBOR has failed to show any cause to amend, let alone good cause.

SDBOR states that Green Thumb's lack of professionalism is the real problem here because Green Thumb failed to inform SDBOR of its unintentional oversight when it failed to first seek leave to amend before filing its amended complaint. Docket 29 at 2. SDBOR reasons that the issue could have been cured if Green Thumb alerted SDBOR of this error before the deadline to amend the pleadings passed. *Id.* Although this court has consistently encouraged the parties before it to act professionally in all regards, it must abide by and enforce the Federal Rules of Civil Procedure. If the court considered only Rule 15(a)'s more lenient standard of providing leave "when justice so requires" without regard to Rule 16(b), scheduling orders would be rendered meaningless and the good cause requirement under Rule 16(b) would be read out of the Federal Rules. *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437-38 (8th Cir. 1999). The deadlines imposed by the scheduling order are not merely formalistic but are instead designed to ensure accessibility to the courts and to foster timely and efficient resolution of disputes. The court's insistence

6

on the parties' adherence to the schedule and that they act diligently in compliance with it is part of the court's duty to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Notably, SDBOR was aware of the schedule as ordered by this court. Its decision to file an amended complaint just before the deadline without a motion for leave to amend, a concomitant brief, or any argument as to good cause compels denial of its motion for leave to amend. Thus, because SDBOR has not met its burden under Rule 16, SDBOR's motion to amend its complaint is denied and Green Thumb's motion to strike is granted. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497-98 (8th Cir. 2008) (holding that the district court did not abuse its discretion when denying plaintiff's motion to amend because plaintiff's motion was untimely, did not attach a copy of the proposed amended complaint, and did not show good cause for the delay in filing).[2]

## II.    Green Thumb's Motion to Amend Answer to Add Counterclaim

Green Thumb moves to amend its answer to add a counterclaim seeking a declaratory judgment and to "update very limited language to clarify [its] alternative affirmative defenses in this matter." Docket 30; Docket 31 at 2. Green Thumb argues that, because its motion to amend was filed before the deadline under the court's scheduling order, its "motion should be summarily granted." Docket 31 at 2. Additionally, Green Thumb asserts that the "litigation

---

[2] Nothing in this order should be construed to preclude SDBOR from again filing a motion to amend, attaching the proposed amended changes, and properly explaining why it has good cause for such amendment.

7

is in its earliest stages demonstrated by the fact that no depositions have taken place and no responses to written discovery have been served." *Id.* In its response, SDBOR asserts that, because Green Thumb's motion to amend was filed one day after the court's deadline, Green Thumb must show good cause. Docket 36 at 7-8. SDBOR claims that Green Thumb has failed to carry this burden. *Id.* SDBOR also alleges that Green Thumb is acting in bad faith in its opposition to SDBOR's motion to amend. *Id.* at 6-9.

      As a preliminary matter, the court finds that Green Thumb's motion to amend was not timely because it was filed one day after the deadline imposed by the scheduling order. *See* Docket 30. Green Thumb states that its filing error derived from the lack of an e-signature in the motion. Docket 38 at 2. Green Thumb reasons that "the replacement filing on July 18 . . . was simply a permitted amendment as to e-signature only" concerning "the filing which timely took place on July 17." *Id.* at 4. Green Thumb's failure to provide the appropriate signatures in its filings, however, does not excuse it from abiding by the deadlines in the scheduling order. As such, Green Thumb's motion was not timely, and the court must therefore determine whether Green Thumb has shown good cause for amendment.

      Green Thumb states that it is "confident" it has shown good cause because its filing error stemmed from local counsel being "out of the office on vacation[,]" *id.*, and that "the basis for [its] ministerial error was rare, unique[,] and purely harmless, *id.* at 5. Additionally, Green Thumb maintains that it was informed by a deputy clerk of court "that the signature block swap was needed

8

but that the filings would be deemed timely filed." *Id.* at 3. (emphasis removed). If the deputy clerk would have "suggested that its filings were untimely based upon the e-signature," Green Thumb asserts that it "would have drafted and filed a [m]otion under Rule 16 illustrating why the proposed [a]mendment should [have been] allowed." *Id.* at 5-6.

    The court finds that, although it was only one day late in moving to amend, Green Thumb has failed to provide reasons sufficient to constitute good cause. Importantly, Green Thumb has failed to provide any evidence of a change in the law, newly discovered facts, or any other changed circumstances that would make its declaratory judgment counterclaim more viable after the scheduling deadline for amending the pleadings passed. *See Midwest Med. Sols.*, 95 F.4th at 607. It appears that Green Thumb's proposed amendment would make purely legal changes in the answer, not based on new facts, that could have been asserted before the deadline passed. *See* Docket 38 at 4 (Green Thumb asserting that it is "aware of the facts underlying its Affirmative Defenses" and that its counterclaim is "based upon those same facts"). This undercuts Green Thumb's argument that it has shown good cause. *See Sherman*, 532 F.3d at 717-18 (holding that "good cause" for an untimely amendment under Rule 16(b) requires a showing that, despite the diligence of the movant, the untimely amendment could not reasonably have been offered sooner); *Weisman v. Barnes Jewish-Hosp.*, 2023 WL 156859, at *4 (E.D. Mo. Jan. 11, 2023) ("The 'good cause' standard is an exacting one, for it demands a demonstration that the existing schedule cannot reasonably be met despite the

9

diligence of the party seeking the extension.") (internal quotation marks omitted). Essentially, Green Thumb's negligence, and not its diligence, was the reason for its belated amendment. *See Koester v. Mid Rivers Mall CMBS, LLC*, 2024 WL 4474855, at *3 (E.D. Mo. Oct. 11, 2024) ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."); *Shank v. Carleton College*, 329 F.R.D. 610, 615 (D. Minn. 2019) (stating that a belated motion to amend a pleading may be denied if it reflects "carelessness," "neglect," or a "litany of lame excuses").

Because Green Thumb was not diligent in moving to amend its pleading, it has not shown good cause. Thus, the court denies Green Thumb's motion to amend the answer to add a counterclaim. *See Bradford*, 249 F.3d at 809 ("As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take [scheduling] orders lightly, and will enforce them"); *see also* David Crump, *Adjudication by Deadline*, 53 Seton Hall L. Rev. 475, 481 (2022) (stating that the "good cause" standard under Rule 16(b) is "high" and that "findings of diligence are rare.").[3]

## CONCLUSION

For the foregoing reasons, it is

ORDERED:

1. SDBOR's Motion for Leave to File Amended Complaint (Docket 29) is DENIED;

---

[3] Because the court finds that Green Thumb has not shown good cause under Rule 16(b), it need not consider SDBOR's argument that Green Thumb was acting in bad faith.

2. Green Thumb's Motion to Amend/Correct Answer to Add Counterclaim (Docket 30) is DENIED; and

3. Green Thumb's Motion to Strike Plaintiff's Amended Complaint (Docket 32) is GRANTED.

Dated February 13, 2025.

                              BY THE COURT:

                              */s/ Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE